# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JULIE ELICE FONTAINE,

Plaintiff,

v.

BANK OF NEW YORK MELLON,

Defendant.

Case No.:  17cv2424-MMA (JLB)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

[Doc. No. 6]

Plaintiff Julie Elice Fontaine ("Plaintiff" or "Ms. Fontaine"), proceeding *pro se*, has filed a Complaint against Defendant Bank of New York Mellon ("BONY") alleging wrongful foreclosure, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, slander of title, and intentional infliction of emotional distress. Doc. No. 1 ("Compl.")  Plaintiff also seeks declaratory judgment. *Id.*  BONY filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Doc. No. 6-1 ("MTD").  Plaintiff opposes dismissal [Doc. No. 13-1 ("Oppo.")] and BONY replies [Doc. No. 14 ("Reply")].  The Court, in its discretion, decides the matter on the papers submitted and without oral argument, pursuant to Civil Local Rule 7.1.d.1.  *See* Doc. No. 12.  For the following reasons, the Court **GRANTS** BONY's motion to dismiss.

//

**1.** ***Plaintiff's Complaint***[1]

On or around November 17, 2005, Plaintiff obtained a mortgage loan in the amount of $517,500.00 from First Magnus Financial Corporation ("First Magnus"), secured by a Deed of Trust on the property located at 909 Glendora Drive, Oceanside, CA 92057 (the "Subject Property"). Compl., ¶¶ 8, 12, 18; Exhibit B. According to the Deed of Trust, Plaintiff is the borrower, First Magnus is the Lender, and Chicago Title Company is the Trustee. Compl., Exhibit B. Plaintiff alleges that as part of the loan transaction, Plaintiff executed a promissory note, which was secured by a Deed of Trust on the property. Compl., ¶ 12. This loan was identified in multiple classes of CHL Mortgage Pass-Through Trust 2006-3 ("CWHL-2006-3"), which had a closing date of January 31, 2006. Compl., ¶¶ 16, 18. "The loan is being serviced by Shellpoint Mortgage Servicing." Compl., ¶¶ 16, 18.

On August 19, 2011, Mortgage Electronic Registration Systems, Inc. ("MERS") executed an Assignment of Deed of Trust, assigning its interest in the Deed of Trust to BONY. Compl., ¶ 16; Exhibit C. On October 17, 2011, BONY issued a Substitution of Trustee, substituting ReconTrust Company, N.A. ("ReconTrust") as the trustee under the Deed of Trust. Compl., Exhibit D. On October 17, 2011, ReconTrust filed a Notice of Default. Compl., ¶ 14. On November 12, 2012, ReconTrust filed a Notice of Trustee Sale and on June 7, 2012, July 18, 2013, and September 13, 2013, additional Notices of Trustee Sale were filed. *Id.* Plaintiff alleges that MERS lacked authority to assign the beneficial interest under the Deed of Trust to BONY, and therefore, BONY had no authority to substitute ReconTrust as the Trustee and, thus, all actions taken by ReconTrust are void. Compl., ¶ 18, 21-23.

---

[1] Because this matter is before the Court on a 12(b)(6) motion to dismiss, the Court must accept as true the allegations set forth in the operative complaint. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

Accordingly, Plaintiff brings the following causes of action against BONY: (1) wrongful foreclosure; (2) violations of the FDCPA; (3) slander of title; (4) intentional infliction of emotional distress; and (5) declaratory judgment. *See generally*, Compl.

## 2. *Prior Proceedings*

On August 20, 2014, Plaintiff filed a Complaint in this Court against Defendants Bank of America, N.A. ("BofA"), BONY, MERSCORP Holdings, Inc., MERS, ReconTrust; and Clear Recon Corp., alleging various causes of action. *Fontaine v. Bank of America, N.A., et al.*, 3:14-cv-01944-WQH (DHB) (hereinafter, "*Fontaine I*"), Doc. No. 1. On October 20, 2014, Defendants BofA, BONY, and ReconTrust filed a motion to dismiss Plaintiff's Complaint. *Fontaine I*, Doc. No. 13. On November 24, 2014, Defendant Clear Recon Corp. joined in the motion to dismiss. *Fontaine I*, Doc. No. 18. On January 7, 2015, the Court granted the motion and permitted Plaintiff to file a motion for leave to amend her Complaint. *Fontaine I*, Doc. No. 21.

On June 25, 2015, Plaintiff filed the First Amended Complaint ("FAC"), adding Shellpoint Mortgage Servicing as a Defendant. *Fontaine I*, Doc. No. 64. The allegations in the FAC are taken from the Court's August 21, 2015 Order:

> " . . . Julie E. Fontaine whose property address is 909 Glendora Drive, Oceanside, CA 92057 . . . allegedly signed a Note in favor of First Magnus Financial Corp. on November 17, 2005." "This loan was identified in multiple classes of the CHL Mortgage Pass-Through Trust 2006-3 (hereinafter "CWHL-2006-3"), which has a Closing Date of January 31, 2006. The loan is being serviced by Shellpoint Mortgage Servicing."
>
> "Multiple classes of the CWHL-2006-3 Trust own the Fontaine Intangible Obligation." "However, the transfer of rights to either of the two tangible parts of the security instrument that evidence the Fontaine Intangible Obligation from First Magnus Financial Corp. to multiple classes of the CWHL-2006-3 Trust is not memorialized in the Official Records of the San Diego County Recorder's Office in a manner which observes United States Code." "Under the Consumer Credit Protection Act Title USC Chapter 41 § 1641(g): any transfers of the Fontaine Mortgage Loan to multiple classes of the CWHL-2006-3 Trust would be in violation of Federal Statute, if those transfers had not been recorded in the Official Records of the San Diego County Recorder's Office within 30 days along with notification of Julie E.

Fontaine that the transfers had occurred." "As there are no recorded assignments of the Fontaine Deed of Trust to multiple classes of the CWHL-2006-3 Trust within 30 days of November 17, 2005, either there has been a violation of Federal Law or multiple classes of the CWHL-2006-3 Trust, who are the owners of the Fontaine Intangible Obligation, are not the owners of either the Fontaine Note or the Fontaine Deed of Trust."

"For all three parts of the Fontaine Mortgage Loan as a whole to have been transferred into the CWHL-2006-3 Trust there is a chain of entities through which the Fontaine Deed of Trust must be assigned and the Fontaine Note must be indorsed." "Moreover, these assignments were to all be recorded in the Official Records of the San Diego County Recorder's Office as per the PSA for the CWHL-2006-3 Trust." "No evidence is available to evidence negotiations of the Fontaine Note to multiple classes of the CWHL-2006-3 Trust." "Any electronic transfers of the Fontaine Deed of Trust that may have been execute[d] without recording within the Official Records of the San Diego County Recorder's Office are void under Uniform Electronic Transactions Act (UETA) USC § 15-96-1-700 . . . ."

"The written agreement that created the CWHL-2006-3 Trust is a 'Pooling & Servicing Agreement' (PSA) dated January 01, 2006 . . . ." "The CWHL-2006-3 Trust by its terms set a 'CLOSING DATE' of (on or about) January 31, 2006." "The Fontaine Note in this case did not become CWHL-2006-3 Trust property in compliance with this requirement set forth in the PSA."

"There is a document purporting to be an 'Assignment of Deed of Trust,' dated August 12, 2011 and filed in the Official Records of the San Diego County Recorder's Office on August 19 . . . where MERS grants, assigns, and transfers to [BONY], as trustee for the certificate holders of CWMBS Inc." "[T]he filing of this document purporting to be an 'Assignment of Deed of Trust' did not and does not assign/convey any legal rights to enforce the Fontaine Note."

"There is a document purporting to be a 'Substitution of Trustee,' dated October 14, 2011 and filed in the Official Records of the San Diego County Recorder's Office on October 17, 2011 . . . where [BONY], as trustee for the certificate holders of CWMBS Inc. CHL Mortgage Pass-Through Trust 2006-3, Mortgage Pass-Through Certificates Series 2006-3, by its AIF Bank of America N.A. removes Chicago Title Company as Trustee and substitutes Recontrust Company N.A. as Trustee of a Deed of Trust dated November 17, 2005 . . . ." "[The] document purporting to be an 'Assignment of Deed of Trust dated August 12, 2011 is invalid, as the Assignment of Deed of Trust did nothing to transfer any right or interest in the Fontaine Deed of Trust to the Assignee, [BONY]." "As no rights or interests in the Fontaine Deed of

Trust have been transferred to [BONY], neither [BONY] nor any of its agents have any right to substitute Recontrust Company, N.A. as Trustee to the Fontaine Deed of Trust. With neither [BONY] nor any of its agents having any right to substitute Recontrust Company N.A. as Trustee to the Fontaine Deed of Trust, the document purporting to be a 'Substitution of Trustee' dated October 14, 2011 is invalid as a Substitution of Trustee."

Plaintiff asserts that:

Defendants, *et al.*, violated 15 USC Chapter 41 § 1641(g) and did not disclose the new creditor as required by law.

Defendants, *et al.*, violated 15 USC § 15-96-1-7003 and did not execute the proper recordings as required by law.

The misfeasance, malfeasance and nonfeasance by the Defendants, *et al.*, have slandered title to the Plaintiffs property.

*Fontaine I*, Doc. No. 79 at 3-5 (internal citations omitted).

On July 13, 2015, Defendants BofA, BONY, and ReconTrust filed a motion to dismiss the FAC. *Fontaine I*, Doc. No. 67. On July 14, 2015, Defendant Clear Recon Corp. filed a motion to dismiss the FAC. *Fontaine I*, Doc. No. 68. On August 21, 2015, the Court granted Defendants' motions to dismiss and permitted Plaintiff to file a motion for leave to amend. *Fontaine I*, Doc. No. 79. On August 18, 2015, Plaintiff filed a motion for leave to file a Second Amended Complaint ("SAC"). *See Fontaine I*, Doc. No. 82. The Court denied Plaintiff's motion and closed the case. *Fontaine I*, Doc. No. 90. Plaintiff moved for reconsideration of the Court's Order, and on January 8, 2016, the Court denied Plaintiff's motion. *Fontaine I*, Doc. Nos. 93, 103. Plaintiff appealed the Order dismissing her lawsuit and on August 9, 2017, the Ninth Circuit affirmed the District Court's judgment. *See Fontaine I*, Doc. Nos. 99, 106.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). That is, the pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Twombly*, 550 U.S. at 557. The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) (citing *In Re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996)).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## DISCUSSION

BONY argues the Complaint should be dismissed in its entirety because it is barred by the doctrine of res judicata.[2] Specifically, BONY asserts that "Plaintiff initiated

---

[2] The Court **GRANTS** BONY's request and judicially notices court filings from *Fontaine v. Bank of America, N.A., et al.*, No. 14cv1944-WQH-DHB, including the First Amended Complaint ("FAC") [Doc. No. 6-2 ("RJN"), Exhibit 1], the order granting the defendants' motion to dismiss Plaintiff's FAC (RJN, Exhibit 2), the order denying Plaintiff leave to file a Second Amended Complaint (RJN, Exhibit 3), the judgment (RJN, Exhibit 4), and the Ninth Circuit's Memorandum affirming the District Court's dismissal of the case (RJN, Exhibit 5). *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741,

another action [on August 20, 2014] by filing a Complaint against various defendants, including BONY," which "concerned the same subject property, the same loan, the foreclosure proceeding against the subject property, and allegations that the foreclosure was invalid." MTD at 8, 10-11. Plaintiff argues that "[s]ince Defendant lacked the right to initiate foreclosure proceedings, those actions are illegal and void" and, therefore, "[t]he invocation of *res judicata* is . . . inapplicable here." Oppo. at 11.

Res judicata, or claim preclusion, "bars any subsequent suit on claims that were raised or could have been raised in a prior action." *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010). The doctrine "'applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties.'" *Id.* (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)).

## 1. *Identity of Claims*

To determine identity of claims for res judicata purposes, courts consider the following factors: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). Of these four, "[t]he central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) ("[I]dentity of claims exist when

746 n.6 (9th Cir. 2006) (holding that judicial notice of court filings and other matters of public record is proper).

two suits arise from 'the same transactional nucleus of facts.'") (internal citations omitted).

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) (citing Restatement (Second) Judgments § 24(2) (1982)). A plaintiff need not bring every possible claim, "[b]ut where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012). "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe-Sierra Pres. Council, Inc.*, 322 F.3d at 1078.

While some claims in *Fontaine I* differ from the claims in this case, the Court finds that all of the claims are based upon the same factual allegations.[3] Both *Fontaine I* and this case arise out of the mortgage loan Plaintiff obtained in the amount of $517,500 from First Magnus which was secured by a Deed of Trust on the Subject Property, and which was subsequently sold and identified in multiple classes of the CWHL-2006-3 Trust. Compl., ¶¶ 8, 12, 16, 18; *Fontaine I*, Doc. No. 64 at 5, 7. Both cases allege that MERS lacked the authority to assign its interest to BONY, and therefore BONY did not have the authority to substitute ReconTrust as trustee of the Deed of Trust. Compl., ¶¶ 19, 21; *Fontaine I*, Doc. No. 64 at 28-29. Accordingly, both cases allege that ReconTrust's actions as Trustee, including filing Notices of Trustee Sale, are void. Compl., ¶ 23; *Fontaine I*, Doc. No. 64 at 30. Based on these facts alleged in both cases, Plaintiff "disputes the title and ownership of the real property in question . . . in that the

---

[3] The Court also notes that the instant Complaint and the FAC in *Fontaine I* are based on the same excerpts from a "Chain of Title Analysis & Mortgage Fraud Investigation" report prepared by Mortgage Compliance Investigators and are used as factual and legal support for her claims in both cases. *See* Compl., ¶ 15, 18, 20, Exhibit 1; *see generally Fontaine I*, Doc. No. 64.

originating mortgage lender, and others alleged to claim ownership of Plaintiff's Promissory Note and/or Deed of Trust, have unlawfully sold, assigned and/or transferred their ownership and security interest in a Promissory Note and Deed of Trust related to the Plaintiff's property, and thus, do not have lawful ownership or a security interest in Plaintiff's home . . . ." Compl., ¶ 11; *see Fontaine I*, Doc. No. 64. Accordingly, the Court finds that the new claims raised in this action are based on the same transactional nucleus of facts that formed the basis for the claims in *Fontaine I*.

Although this is sufficient to find an identity of claims for res judicata purposes without analysis of the other factors, the Court finds that the other factors also support finding an identity of claims. *See Int'l Union of Operating Eng'rs-Emp'rs Constr. Indus. Pension Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (citing cases finding successive claims barred by res judicata based solely on analysis of the transactional nucleus of operative fact factor).

First, the rights or interests established in *Fontaine I* would be destroyed or impaired by prosecution of this action. As a result of the dismissal of *Fontaine I* with prejudice, judgment was entered in favor of BONY. *Fontaine I*, Doc. No. 91. *Fontaine I* and the instant action both seek the same relief. In both actions, Plaintiff has asserted claims for cancellation of instruments and has sought declaratory relief based on allegations that misconduct by various parties renders the Deed of Trust or the assignment of the Deed of Trust, and all Notices of Trustee Sale void. In *Fontaine I*, Plaintiff sought "Expungement of Deeds of Trust and the Note as . . . Defendants . . . have no legal standing whatsoever to the rights, title and any interest in the Subject Property of this action." *Fontaine I*, Doc. No. 64 at 2. Here, Plaintiff seeks an order "'Canceling' and 'Expunging' the recordation of the Assignment of the Deed of Trust, Notice of Default and Notices of Trustee Sale from Plaintiff's Land Record/Real Property Title." Compl., ¶ 50A. Thus, allowing Plaintiff to assert claims seeking the same relief here would destroy or impair BONY's rights established by the Court's prior judgment in its favor.

Second, the claims all allege infringement of the same primary right against the allegedly wrongful foreclosure and Plaintiff's alleged right to have her mortgage loan properly assigned. Third, adjudication of the new claims turns on substantially the same evidence as adjudication of the previous action. Even if the new claims would require the introduction of some different evidence, the mere "fact that some different evidence may be presented in this action . . . does not defeat the bar of res judicata." *Karr*, 994 F.2d at 1430.

In summation, all claims brought in *Fontaine I* and in this action "can be conveniently tried together." *Id.* at 1431. The claims asserted in *Fontaine I* and the claims asserted here arise from common operative facts – namely whether her mortgage documents were properly assigned and whether BONY had the right to foreclose. The fact that the claims asserted here are labeled differently than the claims asserted in *Fontaine I* is not determinative because the claims are based on the same essential allegations. Accordingly, the Court finds an identity of claims between all claims in *Fontaine I* and the instant action.

## 2. *Final Judgment on the Merits*

BONY argues "the previous action ended with a final judgment on the merits." MTD at 11. Plaintiff argues that res judicata is inapplicable because the judgment is not valid. Oppo. at 11. In support, Plaintiff asserts that BONY "lacked the right to initiate the foreclosure proceedings," making those actions "illegal or void." *Id.* This, however, misinterprets the meaning of final judgment on the merits. "The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart*, 297 F.3d at 956. "[A] dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies." *Id.* at 957 (citing *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)). Here, the Court in *Fontaine I* granted Defendants' motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) and denied Plaintiff leave to amend her FAC, resulting in dismissal of

the case with prejudice. *Fontaine I*, Doc. Nos. 79, 90, 91. Accordingly, *Fontaine I* resulted in a final judgment on the merits.

### 3. *Identity or Privity of Parties*

The final element of res judicata requires that there be "identity or privity between the parties." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). Here, Ms. Fontaine was the plaintiff and BONY was a defendant in *Fontaine I. See Fontaine I*, Doc. No. 64. Because Ms. Fontaine is the plaintiff and BONY is the defendant in this action, there is identity of parties. Thus, all three requirements are met and Plaintiff's Complaint, in its entirety, is barred by res judicata.[4]

**CONCLUSION**

Based on the foregoing, the Court **GRANTS** BONY's motion and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint because it is barred by res judicata. The Clerk of Court is instructed to enter judgment accordingly and to close this case.

**IT IS SO ORDERED**.

Dated: March 28, 2018

Hon. Michael M. Anello
United States District Judge

---

[4] Because the Court rules that all of Plaintiff's claims are barred by res judicata, it does not address BONY's additional arguments that her claims fail to state a claim upon which relief may be granted. *See* MTD.